Adele C. Noon (CA ID No. 256860)
ANoon@webblaw.com
John W. McIlvaine (*pro hac vice* forthcoming)
JMcIlvaine@webblaw.com
Michael E. Oliver (*pro hac vice* forthcoming)
MOliver@webblaw.com
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)
*Attorneys for Plaintiff Sandboni, Inc.*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANDBONI, INC.<br><br>　　　*Plaintiff,*<br><br>　　v.<br><br>ALL TERRAIN BARS LLC, and RONALD BURGESS<br><br>　　　*Defendants.* | Case No. **'24CV1345 JLS DDL**<br><br>**COMPLAINT FOR PATENT INFRINGEMENT**<br><br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Sandboni, Inc. ("Sandboni" or "Plaintiff"), for its Complaint against Defendants, All Terrain Bars LLC and Ronald Burgess (together "Defendants"), alleges as follows:

## NATURE OF PROCEEDINGS

1.　　This is a civil action under 35 U.S.C. § 271, *et seq.*, by Sandboni against Defendants for the infringement of U.S. Patent No. 10,703,400 entitled "Motorized Vending Cart" (the '400 Patent). Defendants have improperly made, used, sold, offered to sell and/or imported, and, on information and belief, induced others to use,

1
COMPLAINT FOR PATENT INFRINGEMENT

sell and/or offer to sell in the United States infringing motorized vending carts in violation of Sandboni's patent rights.

## PARTIES

2. Sandboni is a Florida corporation having a principal place of business at 14335 Pebble Beach Blvd, Orlando, FL 32826.

3. Upon information and belief, Defendant All Terrain Bars LLC is a California corporation having a principal place of business at 1560 Vista Del Lago, Fallbrook, CA 92028.

4. Upon information and belief, Defendant Ronald Burgess is a California resident. Mr. Burgess is personally liable for patent infringement based on his actions as an individual. Additionally, Mr. Burgess is the sole shareholder of All Terrain Bars LLC and has treated the business such that it is proper to pierce the corporate veil and hold Mr. Burgess personally liable for the actions taken by All Terrain Bars LLC under his direction.

## JURISDICTION AND VENUE

5. This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 271 *et seq*.

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendants under 28 U.S.C. §1391 because Defendants have committed, and continue to commit, acts of infringement in this district, as explained in further detail below.

8. Venue is proper under 28 U.S.C. § 1400(b) because Defendants have a regular and established place of business in this judicial district and have committed, and continue to commit, acts of infringement in this judicial district. In particular, Defendants have a regular and established place of business at 1560 Vista Del Lago,

Fallbrook, CA 92028, and have manufactured and sold product that infringes the '400 Patent in this district as explained in more detail below.

## CORPORATE VEIL

9. Upon information and belief, Mr. Burgess has treated All Terrain Bars LLC in such a manner that it is proper to pierce the corporate veil and hold Mr. Burgess personally liable for the actions taken by All Terrain Bars LLC under his direction.

10. There is no real separation between Mr. Burgess and All Terrain Bars LLC. Mr. Burgess conducts All Terrain Bars business from his personal cell phone and email account and maintains All Terrain Bars' Instagram page under his own name.

11. Upon information and belief, Mr. Burgess manufactures the accused carts out of his residential garage and films promotional videos at his private residence.

12. Further, upon information and belief, All Terrain Bars LLC is undercapitalized under the direction of Mr. Burgess.

13. Mr. Burgess has personally been made aware of the patent in suit, has been advised of the infringement, has been presented with offers by Sandboni to resolve the matter, and has nonetheless willfully and intentionally directed the business to continue infringing the patent.

## THE PATENT-IN-SUIT

14. Sandboni makes and sells food and beverage carts. Sandboni has invested heavily in developing and protecting its intellectual property including obtaining U.S. Patent No. 10,703,400 for a "Motorized Vending Cart" (the '400 Patent).

15. On July 7, 2020, the '400 Patent was duly and legally issued by the United States Patent and Trademark Office. A true and correct copy of the '400 Patent

is attached hereto as Exhibit A.

16. Sandboni is the owner, by assignment, of the '400 Patent which was duly and lawfully issued by the United States Patent and Trademark Office on July 7, 2020.

17. Sandboni has marked its motorized vending carts with the number for the '400 Patent since at or near the date of issuance of the '400 Patent.

## DEFENDANTS' KNOWLEDGE OF THE '400 PATENT

18. Sandboni became aware of Defendants' infringement in November 2022 at the International Association of Amusement Parks and Attractions Conference in Orlando, Florida. Since at least this date, Defendants have been manufacturing, advertising, and selling its "Sand Bar" Mobile Bar and Mobile Bar Business Package (which includes a Sand Bar) (together the "Accused Products").

19. In 2023, Sandboni reached out to Defendants, alerting Defendants of its infringement of the '400 Patent. At that time Defendants indicated that they had only sold five Sand Bars and would be interested in working as a Sales Representative for Sandboni in an effort to avoid litigation.

20. Taking Defendants in good faith, Sandboni provided Defendants with a Sales Representative Agreement. *See* Exhibit B. Defendants declined to respond.

21. In May 2024, Sandboni, in a repeated effort to protect its intellectual property, sent a letter to Defendants expressing a desire to resolve the issue of Defendants' infringement.

22. Defendants and representatives for Sandboni engaged in conversation. Defendants represented that they had now sold over 60 of the Accused Products. Despite Sandboni's effort to resolve the issue, Defendants again stopped responding.

23. Now, Sandboni, in order to protect its intellectual property, is left with no option but to initiate this litigation.

24. Defendants, despite having knowledge of the '400 Patent since at least 2023, that its manufacture and sale of the Accused Products was an infringement of

the '400 Patent and specifically being put on notice of its patent infringement, continue to manufacture and sell the Accused Products. As demonstrated in Exhibit C, Defendants continue to market and sell the Accused Products as of June 26, 2024.

## COUNT I

## INFRINGEMENT OF THE '400 PATENT

25. All preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

26. Sandboni is the owner of the U.S. Patent No. 10,703,400.

27. Upon information and belief, Defendants manufacture and sell the Accused Products which include motorized vending carts with thermally insulated containers and appliances. *See* Exhibit C.

28. Claim 1 of the '400 Patent recites:

> A motorized vending cart, comprising:
>
> a drive base;
>
> one or more drive motors mounted to the drive base and configured to rotate a plurality of wheels;
>
> a thermally insulated container mounted to the drive base;
>
> a power inverter mounted to the drive base;
>
> a battery bank mounted to the drive base and including one or more batteries, the battery bank in electrical connection with the one or more drive motors and the power inverter;
>
> a vending cart body mounted to the drive base and at least partially surrounding the thermally insulated container and the one or more drive motors, the vending cart body defining:
>
> a cooler opening permitting access to the thermally insulated container; and
>
> a vending section.

1 |       a control panel electrically connected to and configured to control the one or more drive motors; and

      an appliance mounted to the vending section of the vending cart body and electrically connected to the power inverter.

29.   The motorized vending cart of the Accused Products includes a drive base; one or more drive motors mounted to the drive base and configured to rotate a plurality of wheels; a thermally insulated container mounted to the drive base; a power inverter mounted to the drive base; a battery bank mounted to the drive base and including one or more batteries, the battery bank in electrical connection with the one or more drive motors and the power inverter; a vending cart body mounted to the drive base and at least partially surrounding the thermally insulated container and the one or more drive motors, the vending cart body defining: a cooler opening permitting access to the thermally insulated container; and a vending section; a control panel electrically connected to and configured to control the one or more drive motors; and an appliance mounted to the vending section of the vending cart body and electrically connected to the power inverter.

30.   Therefore, the Accused Products infringe at least independent claim 1 of the '400 Patent, as well as claims 2-6 of the '400 Patent.

31.   The activities of Defendants in manufacturing or having manufactured, using, importing, selling and/or offering to sell the Accused Products constitutes direct infringement under 35 U.S.C § 271(a).

32.   Upon information and belief, Defendants have sold at least 60 infringing Motorized Vending Carts. But-for this infringement, Plaintiff would have made such sales. Plaintiff thus has been damaged in the form of lost profits in an amount exceeding $750,000. Defendants made sales of other goods and services, ancillary to its infringing sales, which ancillary sales should also be accounted for in assessing damages to Plaintiff.

33. Plaintiff has been irreparably harmed and will continue to be irreparably harmed by reason of Defendants' infringement of the '400 Patent unless this Court prohibits the infringing acts of Defendants. Sandboni is without an adequate remedy at law.

## COUNT II

## WILLFUL INFRINGEMENT OF THE '400 PATENT

34. All preceding paragraphs of this Complaint are hereby incorporated by reference as if fully set forth herein.

35. Upon information and belief, Defendants continue to manufacture, use, import, sell and/or offer to sell the Accused Products despite being put on written notice of Defendants' direct infringement of the '400 Patent. *See* Exhibit C.

36. Defendants had actual and constructive notice of the '400 Patent since at least November 2023.

37. Defendants' continued manufacture, use, import, sell and/or offer to sell the Accused Products constitutes willful infringement of the '400 Patent.

38. Upon information and belief, Defendants have sold at least 60 infringing Motorized Vending Carts. But-for this infringement, Plaintiff would have made such sales. Plaintiff thus has been damaged in the form of lost profits in an amount exceeding $750,000.

39. Plaintiff is entitled to treble damages for Defendants' willful infringement. As such, Plaintiff is entitled to $2.25 million in damages.

40. Plaintiff has been irreparably harmed and will continue to be irreparably harmed by reason of Defendants' infringement of the '400 Patent unless this Court restrains the infringing acts of Defendants. Sandboni is without an adequate remedy at law.

## DEMAND FOR JUDGMENT

**WHEREFORE**, Sandboni demands judgment as follows:

     A.    Defendants, its officers, employees, agents, and those persons in active participation with them be permanently enjoined from infringing the '400 Patent;

     B.    Judgment be entered finding that Defendants infringe the '400 Patent;

     C.    Defendants be ordered to pay damages of at least $750,000 to Plaintiff pursuant to 35 U.S.C. § 284, including interest from the dates of infringement, resulting from Defendants' infringement of the '400 Patent;

     D.    Defendants be ordered to pay Sandboni treble damages of at least $2.25 million pursuant to 35 U.S.C. § 284, resulting from Defendants' continued and willful infringement of the '400 Patent;

     E.    Sandboni be awarded its costs of this action and reasonable attorneys' fees pursuant to 35 U.S.C. § 284 and 285; and

     F.    Sandboni be awarded such further relief as this Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Sandboni hereby demands a trial by jury for all issues triable by a jury.

Respectfully submitted,

Dated: July 30, 2024

s/*Adele C. Noon*
Adele C. Noon (CA ID No. 256860)
anoon@webblaw.com
**THE WEBB LAW FIRM**
One Gateway Center
420 Ft. Duquesne Blvd., Suite 1200
Pittsburgh, PA 15222
412.471.8815
412.471.4094 (fax)

*Attorneys for Plaintiff Sandboni, Inc.*

**TABLE OF EXHIBITS**

**Page #**

EXHIBIT A………………………………………………………………..........1

EXHIBIT B………………………………………………………………………16

EXHIBIT C………………………………………………………………………20